IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene P. Harrison, *aka* Eugene Paul Harrison, <br><br>            Plaintiff, <br><br>v. <br><br>Sumter County Sheriff's Department; Deputy Jerry Kelly; Deputy Robert Reynolds, and Lt. Colcough, <br><br>           Defendants. | C.A. No.: 2:07-3555-PMD-GCK <br><br>**ORDER** |

This matter is before the court upon the recommendation of United States Magistrate Judge George C. Kosko that Plaintiff Eugene P. Harrison's ("Plaintiff" or "Harrison") Complaint be dismissed with prejudice and without issuance of service of process. The record contains the report and recommendation (the "R&R") of Magistrate Judge Kosko, which was made in accordance with 28 U.S.C. §636(b)(1)(B). Plaintiff has filed a timely objection to the R&R.

## BACKGROUND

On October 29, 2007, Plaintiff filed suit pursuant to 42 U.S.C. § 1983, asserting he had been unlawfully arrested and imprisoned. The "Statement of Claim" section of his Complaint states (verbatim),

> On May 15, 2005 at 8:30 pm, Deputies Jerry Kelly, Robert Reynolds and Lt. Colcough arrested me (Eugene P. Harrison) in my Apt. . . . with 14 outdated and wrong address police arrest warrants dated back from 4-98 to 8-99 on fraudulent checks from warrants No. G-175927, G-019536, G-19537, G-017830, G-19675, G-019745 and etc. I was unlawfully arrested–my constitutional rights [were] violated because of wrongness of address and entering Apt. to arrest and unlawfully imprison[] [me].

1

(Compl.) Also in the Complaint, Plaintiff indicated he had not begun any other lawsuits in state or federal court dealing with the same facts involved in the current action. (*See* Compl. at 1.)

On November 26, 2007, Magistrate Judge Kosko entered a Report and Recommendation in which he recommended that Plaintiff's Complaint be dismissed with prejudice and without issuance of service of process. (*See* R&R at 6.) The R&R took judicial notice of the fact that Plaintiff had in fact previously filed a § 1983 claim based on the same arrest incident. (*Id*. at 1.) The R&R states,

> The complaint fails to state a claim because Plaintiff was arrested with facially valid warrants. Plaintiff's claim that his arrest is unlawful because the arrest warrants were "outdated" and contained an incorrect address is without merit. Arrest warrants do not have an expiration date[] and minor discrepancies do not invalidate the warrant. The defendants arrested Plaintiff in good faith relying on arrest warrants that were valid on their face. As explained to Plaintiff in his prior case involving the same arrest, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181-82 (4th Cir. 1996) (same). The complaint fails to state a claim against the defendants for violation of Plaintiff's Fourth Amendment rights.

(*Id*. at 3.) The R&R also concluded that Plaintiff's claim was barred by the doctrine of *res judicata* because the prior complaint was dismissed by granting the defendants' Motion for Summary Judgment, and the merits of Plaintiff's Fourth Amendment claims were previously ruled on by the district court when it adopted the previous R&R which recommended the defendants' Motion for Summary Judgment be granted. (*Id*. at 3-4.)

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Plaintiff's objections, the court finds the Magistrate Judge fairly and

accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## ANALYSIS

Plaintiff filed objections on December 3, 2007, which state (verbatim),

> I'm objecting to the dismissal of the summary judgment on the last filed case no. 3:05-2090-PMD Harrison vs. Colcough. I had not enough time to file according to the FRCP in the last case. I had sent a letter in reference to my (here is a copy), nevertheless, I also has law on misdemeanors in this state which says, that he or she cannot be prosecuted after three years and the arrest warrants was outdated 3-4 years (here is a copy). I'm asking the courts to h[ear] my case concerning the law. This is my objections.

(Objections at 1.) As he indicated, Plaintiff attached the copy of Arrest Warrant G-175927, which appears to be dated July 1, 1999, and the "return" section of the warrant indicates Plaintiff received a copy on June 15, 2005. (*See* Objections.) In another document filed with his objections, Plaintiff states,

> Here the law has a statute of limitations on misdemeanors which a prosecutor in this state cannot prosecute after three years. Also the copy of the outdated warrant has the wrong address that the deputies wrote and not the courts, they could have changed the address many times but cannot according to the law, the courts change and upgrades affidavits.

(Objections.) Plaintiff also attached documents he filed in his previous case: (1) a letter dated May 16, 2006, in which Plaintiff asked the court to allow him to object to the R&R and (2) the document he filed as objections in his previous case.

In Plaintiff's letter dated May 16, 2006, he sought additional time to file objections in the case of *Harrison v. Colclough*, 3:05-2090-PMD-GCK, because he had been sick for a week. In that case, the R&R was filed on April 25, 2006, and objections were due on May 12, 2006. When no objections were filed, this court entered an order adopting the R&R and granted the defendants'

3

Motion for Summary Judgment on May 15, 2006. After judgment was entered, the court received Plaintiff's objections. Plaintiff filed a Notice of Appeal on June 5, 2006, and on September 8, 2006, the Fourth Circuit affirmed this court's order granting summary judgment to the defendants, finding that Harrison waived appellate review by failing to timely file specific objections after receiving proper notice.

To the extent Plaintiff is seeking to have this court consider objections to his previous case (case number 3:05-2090-PMD) and reconsider the order granting the defendants' Motion for Summary Judgment, the court is unable to do so. *See* 36 C.J.S. *Federal Courts* § 728 ("After affirmance on appeal, except as directed by the court of appeals, the lower court is generally without power to vacate, alter, or modify the judgment originally entered by it, since, on affirmance, the decree of the district court becomes the decree of the court of appeals."). In the first case, (3:05-2090-PMD), the R&R considered the Plaintiff's § 1983 claim that the defendants violated his Fourth Amendment rights "on the grounds that the arrest warrant used by the Defendants was also considered a search warrant and the Defendants unlawfully entered the Plaintiffs' residence when arresting Mr. Harrison." (R&R dated 4/25/06 at 9-10.) The court concluded there could be no claim for false arrest because the defendants had the right to enter Plaintiffs' residence since they had a warrant for his arrest. (*Id*. at 10.) The R&R states, "Because the Defendants had facially valid arrest warrants for the Plaintiff, they had probable cause for the arrest." (*Id*. at 10-11.) The court also concluded Plaintiff's argument that the defendants could not lawfully enter his residence to arrest him was without merit. (*Id*. at 11.) Lastly, the court concluded the defendants were entitled to qualified immunity. (*Id*. at 13.)

In the case *sub judice*, Plaintiff alleges his constitutional rights were violated when the

Defendants arrested him because the warrants were from 1998 and 1999. As was discussed in the previous case, however, Plaintiff was arrested pursuant to a facially valid arrest warrant, and "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) (citing *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996)). In his objections, Plaintiff seems to be arguing that the warrants were not facially valid because they listed dates in 1998 and 1999, and Plaintiff was arrested in 2005. The plaintiff in *Kis v. County of Schuylkill*, 866 F. Supp. 1462 (E.D. Pa. 1994), made a similar argument, arguing that his arrest warrant was not facially valid because "the ordinance under which he was cited is in violation of Pennsylvania enabling legislation which does not allow for imprisonment for such an offense." *Kis*, 866 F. Supp. at 1471. The court determined this argument had no bearing on the facial validity of the warrant: "Because law enforcement officers ordinarily have no duty to investigate the validity of the law underlying a facially valid arrest warrant, . . . the alleged invalidity of the ordinance . . . has no bearing on the facial validity of the warrant." *Id*. In the case *sub judice*, the warrants did list dates in 1998 and 1999, but the warrants were still, as Magistrate Judge Kosko determined, facially valid. The court therefore agrees with the Magistrate Judge's determination that the Complaint fails to state a claim against the Defendants for violation of Plaintiff's Fourth Amendment rights.

     Plaintiff also seems to be complaining that his constitutional rights were violated because he was arrested pursuant to a warrant that listed an incorrect address. In *Joye v. Richland County/Richland County Sheriff's Department*, 47 F. Supp. 2d 663 (D.S.C. 1999), the plaintiff was mistakenly arrested pursuant to a bench warrant that was issued for his son, and the arresting officers changed the address in the arrest warrant to 517 Hiller Road, based on what he was told by the

5

individuals at 515 Hiller Road, the address noted on the warrant. *Joye*, 47 F. Supp. 2d at 667. The court stated,

> [The officer] made this change based on what he was told by the individuals at 515 Hiller Road, and it accurately reflected what he found to be true: Jimmie A. Joye was indeed living at 517 Hiller Road. The alteration had nothing to do with the mistake in identity between plaintiff and his son.

*Id.* Then, in a footnote, the court noted, "In fact, it does not appear from a constitutional standpoint that the address was even required to be on the [arrest] warrant." *Id.* at 667 n.17 (citing *Powe v. City of Chicago*, 664 F.2d 639, 645 (7th Cir. 1981); *State v. Thompson*, 304 S.C. 85, 403 S.E.2d 139, 140 (Ct. App. 1991)). The court thus granted the defendants' motion for summary judgment. *Id.* at 670; *cf. Johnson v. Watson*, 113 Fed. App'x 482 (3d Cir. 2004) (concluding the arresting officers were entitled to qualified immunity when they "executed a facially valid arrest warrant for Johnson," which included his name, photo, date of birth, and social security number and thus "gave the Officers every indication that the warrant was intended" for the plaintiff, the sole inaccuracy being the address).

In the case *sub judice*, Plaintiff does not argue the arrest warrant did not identify him. Rather, he seems to be complaining that his Fourth Amendment rights were violated because the address printed on the warrant was not the address where he was arrested. However, such facts do not amount to a violation of Plaintiff's constitutional rights. In any event, as the Magistrate Judge determined, Plaintiff's Fourth Amendment claims relating to this 2005 arrest are barred by the doctrine of *res judicata*. Plaintiff's objections are without merit.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Plaintiff's Complaint is **DISMISSED** with prejudice and without issuance of service of process.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**February 25, 2008**

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within (30) days from the date hereof, pursuant to Fed. R. App. P. 3-4.

7